AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)           Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

District of Montana

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Oscar Antonio Valenzuela ) | Case No: 1:18-CR-00127-DLC |
| ) | USM No: 27523-298 |
| Date of Original Judgment: 01/14/2020 ) | |
| Date of Previous Amended Judgment: ) | Lance G. Lundvall |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated   01/14/2020   shall remain in effect.
**IT IS SO ORDERED.**

Order Date:   6/7/2024

Judge's signature

Effective Date: _____
*(if different from order date)*

DANA L. CHRISTENSEN, U.S.D.C. Judge
*Printed name and title*

...

Case 1:18-cr-00127-DLC   Document 38   Filed 06/07/24   Page 2 of 2

AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)     Page 2 of 2 (Page 2 Not for Public Disclosure)

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Oscar Antonio Valenzuela
CASE NUMBER: 1:18-CR-00127-DLC
DISTRICT: District of Montana

## I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 26         Amended Total Offense Level: 26
Criminal History Category: IV            Criminal History Category: III
Previous Guideline Range: 92 to 115 months   Amended Guideline Range: 57 to 71 months

## II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

## III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Pursuant to Amendment 821, Part A, Valenzuela would not receive the two status points previously applied under USSG §4A1.1(d) toward his total criminal history point computation. This would adjust Valenzuela's criminal history point score from 7 to 5, placing him in criminal history category III. This would result in a new advisory guideline range of 57-71. Valenzuela received a sentence of 120 months, which is the mandatory minimum sentence.

USSG §1B1.10(a)(2)(B) specifically excludes application of Amendment 821 if it "does not have the effect of lowering the defendant's applicable guideline range." Since Valenzuela's advisory guideline range remains the mandatory minimum of 120 months regardless of the reduction in status points, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10.